### TONOPAH & T. R. CO., Limited, v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9316.

Circuit Court of Appeals, Ninth Circuit.

June 22, 1940.

of a decision of the Board of Tax Appeals holding it liable for failing to withhold from interest paid in London in the tax year 1936, to certain alien holders of petitioner's bonds the percentage of interest due required by §§ 143(b) and 144 of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev. Acts, pages 887, 888.

Tonopah contends that the interest moneys paid in London to the alien bondholders was interest money of which it did not have "control, receipt, custody, disposal or payment" within the provision of § 143(b) which provides: "All persons, in whatever capacity acting, including lessees or mortgagors of real or personal property, fiduciaries, employers, and all officers and employees of the United States, having the control, receipt, custody, disposal, or payment of interest * * * (but only to the extent that any of the above items constitutes gross income from sources within the United States), of any nonresident alien individual, * * * shall * * * deduct and withhold from such annual or periodical gains, profits, and income a tax equal to 10 per centum thereof * * *."

Tonopah contends that instead of the interest money being paid by it, it was paid by a British corporation, Borax Consolidated Ltd., hereafter called "Borax", over which it had no control. Borax owned all the stock of Tonopah, but no question is raised of identity of the two corporations, —each being engaged in a separate business and having separate taxable entities. Tonopah had no taxable income for the tax year in question or several years before. During all these years it had operated at a heavy loss.

Borax had guaranteed the payment, both principal and interest of Tonopah's bonds, and the Board, construing the conflicting evidence, found as an ultimate fact that Borax "paid such interest out of funds on deposit in England *pursuant to its obligation to guarantee such payment.*" (Emphasis supplied.) Its holding is, "We agree with the contention of respondent. Borax was a British corporation with its principal office in London, England, and it paid such interest out of funds on deposit in England pursuant to its obligation to guarantee such payment."

Accepting this contention of the Commissioner, the Board further held: " * * * The interest obligations for 1936 on petitioner's bonds were paid and petitioner was

Albert R. Palmer and Harry W. Stelle, Jr., both of New York City, and Newlin & Ashburn, of Los Angeles, Cal. (Harry W. Stelle, Jr., of New York City, and A. W. Ashburn, of Los Angeles, Cal., of counsel), for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Lee A. Jackson, and Ellis N. Slack, Sp. Assts. to Atty. Gen., for respondent.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

Petitioner, a New Jersey corporation, hereafter called "Tonopah", seeks review

charged by Borax with the amount of advances for such payment. Petitioner did not become indebted to Borax for the amount of such advances as interest, but upon the payment of such interest by Borax there arose an obligation on the part of petitioner to pay Borax for such advances in the amount of the interest obligations so discharged. * * *."

Although the case was decided below on the Commissioner's contention of ultimate fact that the payment by Borax was "pursuant to its obligation to guarantee such payment", in this court he attempts to "mend his hold" and deny that Borax paid the money as guarantor. He seeks to have us make a different finding, namely, that instead of paying the interest as guarantor, Borax first *loaned* the amount of the interest to Tonopah and then, as Tonopah's agent, paid it to the bondholders for Tonopah as principal. Such a shift of the Commissioner's contention from that taken in the trial before the Board we cannot accept.

The question then is,—If, out of funds other than those of the maker of the bond, an alien discharges his obligation as guarantor of the principal and interest of a bond issued by a citizen of New Jersey, by paying, in London, to an alien bondholder the interest due on the alien's bond, —is the payment a "payment of interest" by the New Jersey citizen from which he must "withhold" the percentage of interest moneys required by §§ 143 and 144 of the Revenue Act of 1936?

We hold that it is not such a payment of interest by the New Jersey citizen and that he (here Tonopah) never possessed the interest moneys from which he could withhold anything within the contemplation of the statute.

We are unable to see the pertinence of the argument of the Board and Commissioner that the payment of interest to the aliens by Borax in London, which discharged Tonopah's debt to them and created an equal debt to Borax, whether by subrogation or otherwise, constituted taxable income to the alien bondholders. Nor of the argument that there was a tax situs in the United States created by Tonopah's bonds which warrants the United States taxing the bond interest so paid the aliens. Assuming the situs, there is no statute requiring Tonopah to pay *in any event* any tax indebtedness of an alien upon the interest. What the Commissioner is seeking

to tax under §§ 143 and 144 is the interest paid to the alien bondholders by a *specific method,* i. e., withholding from the payment to the aliens—here, as held, from a payment Tonopah has not made.

Reversed.